**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| GEORGE AFFUL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Case No.:** |
| v. ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| CREDIT PROTECTION ASSOCIATION, ) | **JURY TRIAL** |
| L.P., ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

GEORGE AFFUL, ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT PROTECTION ASSOCIATION, L.P. ("Defendant"):

**INTRODUCTION**

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA.")

**JURISDICTION AND VENUE**

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.  Defendant conducts business in the State of Maryland, and as such, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

1

**PARTIES**

5. Plaintiff is a natural person residing in Gaithersburg, Maryland.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company and can be served at 13355 Noel Road, Dallas, Texas 75240.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant contacted Plaintiff in its attempt to collect a consumer debt owed to Comcast of Montgomery.

11. The alleged debt at issue arose out of transactions which were allegedly for personal, family, or household purposes.

12. Between December 2013 and March 2014, Defendant's collectors, including Margie, Kelly, Edgar and Darrell, placed continuous and repeated harassing telephone calls to Plaintiff's home telephone in its attempts to collect the subject debt.

13. Defendant's harassing collection calls originated from numbers including, but not limited to, (877) 278-5106 and (888) 745-2315. The undersigned has confirmed that this number belongs to Defendant.

14. Plaintiff does not owe the alleged debt and has confirmed this with Comcast of Montgomery.

15. As such, Plaintiff told Defendant that he disputed owing the debt and to stop

calling.

16. However, Defendant has continued to call.

17. Defendant also threatened to ruin Plaintiff's credit.

18. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

19. Further, once Defendant was aware that Plaintiff disputed owing this debt, Defendant's representation that it would ruin Plaintiff's credit was a clear indication that it had no intention of contacting the original creditor and finding out if Plaintiff actually owed this debt.

20. Defendant also called one of Plaintiff's children seeking to contact him, despite the fact Defendant had already spoken with him and had his correct contact information.

21. Defendant's continuous and repeated contacts with Plaintiff were made with the intention of annoying, abusing, harassing, and coercing payment from her.

**COUNT I**
**DEFENDANT VIOLATED § 1692b OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

22. Section 1692b of the FDCPA sets forth the requirements for a debt collector seeking to collect location information.

23. Defendant violated § 1692b of the FDCPA when it contacted one of Plaintiff's children as it already had Plaintiff's correct contact information in its possession and could not have been seeking to correct or confirm location information.

**COUNT II**
**DEFENDANT VIOLATED THE § 1692c(b) OF**

3

**FAIR DEBT COLLECTION PRACTICES ACT**

24. Section 1692c(c) of the FDCPA states that without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

**25.** Defendant violated § 1692c(b) of the FDCPA when it communicated with one of Plaintiff's children.

**COUNT III**
**DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

26. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

27. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

28. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff repeatedly and continuously when it engaged in other harassing or abusive conduct.

**COUNT II**
**DEFENDANT VIOLATED §§ 1692e, 1692e(2)(a) and 1692e(10) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

29. A debt collector violates § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

26. A debt collector violates § 1692e(2)(a) by falsely representing the character, amount or legal status of a debt.

27. A debt collector violates § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt from a consumer.

28. Defendant violated sections 1692e, 1692e(2)(a) and 1692e(10) when sought to collect a debt from Plaintiff that he did not owe, and when it engaged in other false, deceptive, and misleading conduct.

## COUNT III
## **DEFENDANT VIOLATED §§ 1692f and 1692f(1) OF THE FDCPA**

29. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

30. A debt collector violates § 1692f(1) by seeking to collect an amount unless such an amount is expressly authorized by the agreement creating the debt or permitted by law.

31. Defendant violated §§ 1692f and 1692f(1) when it attempted to collect a debt from Plaintiff that was not his debt.

WHEREFORE, Plaintiff, GEORGE AFFUL, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

  d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, GEORGE AFFUL, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 09/16/14  KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff
  Amy L. Bennecoff, Esq.
  Kimmel & Silverman, P.C.
  30 E. Butler Avenue
  Ambler, PA 19002
  Tel: 215-540-8888
  Fax: 215-540-8817
  abennecoff@creditlaw.com

Attorney for the Plaintiff

PLAINTIFF'S COMPLAINT